FILED IN MY OFFICE
DISTRICT COURT CLERK
5/1/2018 1:53 PM
James A. Noel
Catherine Chavez

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

SHARON KEMP,

        Plaintiff,

D-202-CV-2018-03366

vs.

AETNA LIFE INSURANCE COMPANY,

        Defendant.

## COMPLAINT FOR LONG TERM DISABILITY, BREACH OF CONTRACT AND FOR VIOLATIONS OF ERISA

Plaintiff, Sharon Kemp, by and through her attorney, Donald D. Vigil, P.C., states as to her causes of action against Defendant. Aetna Life Insurance Company, as follows:

### INTRODUCTION

1.    This case arises under the Employment Retirement Income Security Act of 1974 as amended, 29 U.S.C. §1001 et. seq. ("ERISA").

### PARTIES

2.    Sharon Kemp, hereinafter referred to as the Plaintiff, is a resident of Bernalillo County, New Mexico.

3.    On information and belief, Defendant. Aetna Life Insurance Company, hereinafter referred to as the Defendant, is a foreign corporation, having its principal place of business in the State of Connecticut. Defendant regularly does business in Bernalillo County and New Mexico and, at all times material herein, was engaged in trade of commerce as defined by Section 57-12-2 NMSA 1978.

4.    Upon information and belief, its policy provisions are administered by Defendant.



## JURISDICTION AND VENUE

5. Because this is a claim for ERISA LTD benefits, the case is governed by ERISA 29 U.S.C. § 1132(f) as outlined more fully below, and for that reason, jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

6. Plaintiff was employed with Freddie Mac until December 2, 2015, when she became disabled.

7. Beginning in approximately 2015, Plaintiff's physical condition prevented her from completing tasks associated with her employment. Her sickness and ill health made her unable to work for Freddie Mac and prevented her from performing every duty pertaining to her occupation for remuneration or profit.

8. Plaintiff left her employment with Freddie Mac due to her inability to perform work as a result of her disability.

9. Plaintiff applied to Defendant for disability benefits under Defendant's Long Term Disability Benefit Plan ("the Plan"), in which she was a covered participant.

10. During that time frame and continuing thereafter, Plaintiff's condition has not improved and she has gotten older. As of the date of this complaint, Plaintiff is 58 years old.

11. During that time frame, no doctor or other medical provider has released Plaintiff to return to work.

12. Plaintiff went through Defendant's administrative process and Defendant made a final determination on November 21, 2017, that Plaintiff was not disabled.

## I - BREACH OF FIDUCIARY DUTY UNDER ERISA

13. In the event that it is determined that this matter is governed solely by ERISA, then the following is being pleaded in the alternative:

14. Defendant owed Plaintiff the fiduciary duty under ERISA to administer the Plan solely in the interest of the Plan's participants and beneficiaries. ERISA §404(a)(1)(A), 29 U.S.C. §(a)(1).

15. By failing to pay Plaintiff her correct, full benefits due under the Plan, Defendant has administered the Plan for its benefit, not solely in the interest of Plaintiff and other Plan participants, and thereby has violated its above fiduciary duty under ERISA.

16. As a result of this breach, Defendant and its Plan administrators are jointly and severally and personally liable to Plaintiff.

## II - PAYMENT OF BENEFITS UNDER 29 U.S.C. § 1132(a)(1)(B)

17. As a covered participant in Defendant's Plan, Plaintiff is empowered to bring a claim under **29 U.S.C. § 1132(a)(1)(B)** to recover benefits due to her under the terms of her plan, to enforce her rights under the terms of the plan, or to clarify her rights to future benefits under the terms of the Plan since Defendant has wrongfully denied her claim and has not paid Plaintiff any long term disability benefits due to her under the Plan.

## III - ATTORNEY'S FEES UNDER ERISA

18. Defendant's conduct in this action is in the interests of all Plan participants, and the relief granted hereunder will benefit all such participants.

19. Defendant is able to satisfy an award of attorney's fees to Plaintiff.

20. Such an award would deter Defendant and others from so acting under similar circumstances.

21. Defendant's position and conduct were without merit during a period of extreme personal distress and disability for Plaintiff.

22. Defendant is entitled to recover reasonable attorney's fees and costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132 (g).

<h2 style="text-align:center">IV- CLAIMS FOR RELIEF<br>FIRST CLAIM FOR RELIEF</h2>

23. Defendant's actions, as set out in this Complaint, denied Plaintiff her full and correct benefits under the Plan and constitute breach of contract.

<h2 style="text-align:center">SECOND CLAIM FOR RELIEF</h2>

24. Defendant's actions, as set out in this Complaint, breached the fiduciary duty under ERISA to administer the plan solely in the interest of the Plan's participants and beneficiaries.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

A. Grant judgment on all of her claims.

B. Order that Defendant pay to Plaintiff the correct and full benefits due under the Plan.

C. Award Plaintiff reasonable and compensatory damages in an amount to be determined at trial, as a result of Defendant's failure to pay Plaintiff's correct, full benefits under the Plan; and for Breach of Defendant's fiduciary.

D. Award Plaintiff the costs of this action and her attorney's fees as provided by law, and;

E. Award Plaintiff such other and further relief as this Court deems just and equitable.

DONALD D. VIGIL, P.C.

By *Donald D. Vigil Electronically Signed*
　Donald D. Vigil
　Nicholas C. Stiver
　Attorney for Worker
　100 Fourteenth Street, S.W.
　Albuquerque, NM 87102
　(505) 247-2020; FAX (505) 764-8380